HAYES *et al.* v. MILLER, *Appellant.*

1.  **Pleading**: PARTIES: INSANE PERSON: GUARDIAN. An insane husband who is under guardianship, cannot be joined in a suit with his wife. It is the duty of the guardian of an insane person to prosecute and defend all actions instituted in behalf of or against his ward.

2.  ———: ———: MARRIED WOMAN. A married woman cannot maintain an action of replevin, for the recovery of possession of personal property, in her own name.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*O. H. Travers* for appellant.

The plaintiff, Martha Hayes, being married ought to have joined her husband with her at the institution of the suit. R. S. 1879, § 3468. A judgment in her favor would have been a nullity. Consequently she had no valid action against defendant, and the justice could not so amend as to give her one. *McDowell v. Morgan*, 33 Mo. 555. It was error for the court to require defendant to go to trial after sustaining his motion to compel plaintiffs to file a good and sufficient bond, and they had refused to comply with the order of the court. It was the duty of the court to dismiss the case. R. S., § 3851. Section 2891 applies to justices' courts only.

No brief for respondent.

EWING, C.—Martha Hayes, as plaintiff, commenced this suit in her own name, before a justice of the peace to recover possession of a hog alleged to belong to her. Pending the trial before the justice, on motion of plaintiff, Joseph Hayes, the husband, was made a party.

There was a verdict and judgment for the plaintiffs,

and an appeal to the circuit court, when the defendant filed his motion to dismiss the case for misjoinder of parties, in that Joseph Hayes at the time he was made a party was an insane person, under guardianship, and had not capacity to sue in his own name. On this motion, the defendant offered in evidence the proceedings of the probate court, showing the trial of the sanity or insanity of the plaintiff Hayes, the verdict of the jury, and guardian's bond. This motion was overruled by the court, and the defendant appealed to this court.

I. The statute provides: "It shall be the duty of every such guardian (of an insane person) to prosecute and defend all actions instituted in behalf of or against his ward." There seems to have been no doubt but, that Joseph Hayes was under guardianship as an insane person, and the statute in such case being imperative, the motion to dismiss should have been sustained. R. S. 1879, § 5804: *Reed v. Wilson*, 13 Mo. 29.

II. Martha Hayes, the wife, could not maintain this suit in her own name. R. S. 1879, § 3468; *Plummer v. Trost, post*, p. 425.

The judgment is reversed and the case remanded. All concur.